# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELWYN BROWN**<br>    **Petitioner,**<br>  v.<br>**KEVIN KAUFFMAN,** *et al.*<br>    **Respondents.** | **CIVIL ACTION NO. 20-874** |

## ORDER

**AND NOW,** this 29th day of December 2020, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, the Motion to Dismiss and the response thereto, and upon review of the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin, and the objections thereto, it is hereby **ORDERED** that:

1. The objections are **OVERRULED** and the R&R [Doc. No. 9] is **APPROVED** and **ADOPTED** as set forth herein;
2. The Motion to Dismiss [Doc. No. 7] is **GRANTED**; and
3. The Petition will be dismissed by separate Order.[1]

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[1] On February 14, 2020, Petitioner filed a petition under 28 U.S.C. § 2254, challenging a denial of parole. Two weeks earlier, on January 31, 2020, Petitioner had filed a petition for writ of *habeas corpus* in the Middle District of Pennsylvania, which, although it was filed on the form used for petitions under 28 U.S.C. § 2241, also challenged the denial of parole. The petition filed in the Middle District was construed as a petition filed under § 2254 and denied on the merits. *See Brown v. Warden SCI Huntingdon*, No. 20-167, 2020 WL 1922627, at *1,4 (M.D. Pa. Apr. 21, 2020). Respondents then moved to dismiss the petition in this Court as a second or successive petition, which cannot be filed unless Petitioner first obtains permission from the Court of Appeals for the Third Circuit. Petitioner claims that he did not file the petition in the Middle District, but that a third party filed it without his consent. Although the petition filed in the Middle District has a typed signature, not a handwritten one, the envelope with which it was filed has Petitioner's address, Petitioner was sent copies of documents filed in that case, and a trust fund account statement was filed for Petitioner. Petitioner never notified the Middle District Court that he had not authorized the action and has not sought relief from that decision in either the Middle District of Pennsylvania or the Court of Appeals. Therefore, this Court must regard the ruling in the Middle District as the first petition under § 2254, and does not have jurisdiction to consider the current petition unless Petitioner obtains leave to file it from the Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). The Court therefore expresses no view on the merits of the petition and does not adopt the *dicta* in the R&R discussing the merits.